# FIRST AMENDED COMPLAINT

## (42 U.S.C. § 1983 – Civil Rights)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## SHERMAN DIVISION

ROBERT LEE CLARK and

JULIE CLARK,

Plaintiffs,

v.

MARIO ROJAS,

SHOLDON DANIELS,

BENJAMIN CRAIG SMITH,

MIKE GUDGEL,

CITY OF DENISON, TEXAS,

and DOES 1–10,

Defendants.

Civil Action No. 4:25-cv-01072

**FIRST AMENDED COMPLAINT**

Plaintiffs Robert Lee Clark and Julie Clark file this Second Amended Complaint and state as follows:

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983, the First, Fourth, and Fourteenth Amendments, and Title II of the Americans with Disabilities Act (42 U.S.C. §12132).

This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367.

Venue is proper in the Eastern District of Texas under 28 U.S.C. §1391(b) because the events giving rise to these claims occurred in Grayson County, Texas.

## II. PARTIES

Plaintiff Robert Lee Clark is a resident of Texas.

Plaintiff Julie Clark is a resident of Texas and acted as Robert Clark's disability advocate.

Defendant Mario Rojas was at all relevant times a police officer employed by the Denison Police Department acting under color of state law.

Defendant Sholdon Daniels was at all relevant times a licensed attorney appointed to represent Robert Clark in a criminal proceeding in Grayson County, Texas.

Defendant Benjamin Craig Smith was at all relevant times a prosecutor employed by Grayson County.

Defendant Mike Gudgel was at all relevant times the Chief of Police for the Denison Police Department and a final policymaker for the department.

Defendant City of Denison, Texas is a municipal entity responsible for the policies, customs, and practices of the Denison Police Department.

Does 1–10 are individuals whose identities are currently unknown and will be substituted when discovered.

## III. FACTUAL ALLEGATIONS

On October 1, 2023, Plaintiffs were occupants of a vehicle stopped by officers of the Denison Police Department in Grayson County, Texas.

Plaintiff Robert Clark complied with officer instructions and did not threaten officers during the initial interaction.

During the stop, officers escalated the encounter and forcibly removed Robert Clark from his vehicle.

Defendant Rojas arrived as a backup officer and assisted in restraining Robert Clark.

While officers were placing Robert Clark into a patrol vehicle, his head struck the exterior frame of the vehicle and an interior metal component in the rear seat area.

The patrol vehicle contained dash camera equipment that recorded portions of the incident.

Plaintiff Julie Clark verbally objected to the officers' conduct and recorded the encounter using her phone.

Officers attempted to seize Julie Clark's phone while she was recording.

Traffic continued to pass in close proximity to the scene while the physical encounter occurred on the roadside.

Robert Clark was ultimately transported to the Grayson County Jail.

Criminal Proceedings

Defendant Sholdon Daniels was appointed to represent Robert Clark in the related criminal case.

Daniels failed to conduct meaningful investigation into the traffic stop or the video evidence.

On June 13, 2024, Daniels met with Plaintiffs via Zoom and acknowledged that the encounter escalated after verbal disagreement between the officer and Robert Clark.

On June 14, 2024, Daniels presented Robert Clark with paperwork described as merely an "application" related to community supervision.

Robert Clark signed the paperwork without being informed that it would be used to resolve the criminal charge.

Daniels then escorted Robert Clark into a private off-record meeting with Defendant Benjamin Craig Smith, the prosecutor.

Plaintiff Julie Clark, who had been acting as Robert Clark's disability advocate, was excluded from that meeting.

During the meeting Smith stated that additional charges could potentially be brought against Julie Clark.

Municipal Policy and Supervisory Conduct

Defendant City of Denison maintained policies, practices, or customs that permitted officers to escalate traffic stops and use force without adequate accountability.

Defendant Mike Gudgel, as Chief of Police, ratified or failed to discipline officers involved in the incident.

The City's failure to properly train and supervise officers regarding use of force, roadside safety, and citizens' right to record police activity contributed to the violations described in this complaint.

**IV. CLAIMS FOR RELIEF**

**COUNT I**

Fourth Amendment – Excessive Force

(42 U.S.C. §1983)

Plaintiffs incorporate the preceding paragraphs.

Defendant Rojas used or assisted in the use of objectively unreasonable force during the traffic stop.

The force used caused injury to Robert Clark.

**COUNT II**

First Amendment Retaliation

(42 U.S.C. §1983)

Plaintiffs engaged in protected speech by questioning police conduct and recording the encounter.

Officers attempted to interfere with that recording.

**COUNT III**

Due Process Violations

(42 U.S.C. §1983)

Defendants Daniels and Smith deprived Robert Clark of a meaningful opportunity to make informed decisions regarding his criminal case.

Plaintiffs were denied fair notice and meaningful participation in proceedings affecting Robert Clark.

**COUNT IV**

Americans with Disabilities Act

(Title II – 42 U.S.C. §12132)

Robert Clark is an individual with disability-related needs.

Julie Clark acted as his advocate and support person.

Defendants excluded Julie Clark from critical proceedings without providing reasonable accommodation.

**COUNT V**

Municipal Liability (Monell)

(42 U.S.C. §1983)

The constitutional violations described above were caused by policies, customs, or practices of the City of Denison.

## V. PRAYER FOR RELIEF

Plaintiffs respectfully request:

A. Compensatory damages

B. Punitive damages against individual defendants

C. Declaratory and injunctive relief

D. Costs and fees under 42 U.S.C. §1988

E. Any additional relief the Court finds appropriate

VI. JURY DEMAND

Plaintiffs demand trial by jury on all issues triable by jury.

Respectfully submitted,

Robert Lee Clark – Pro Se                Date: 3/17/2026

Julie Clark – Pro Se

Date: 3/17/2026

EMAIL:

clarkjulie1975@gmail.com

booblovinframer@gmail.com

Cartwright, Oklahoma

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all parties in accordance with applicable rules on this 17 day of March, 2026.

/s/ Julie Clark

DATE: 3/17/2026

Julie Clark