IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JULIE ANN CLARK,** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-01072-ALM-BD** |
| | § | |
| **JAMES CONNOR ELMORE,** *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

In October 2025, pro se plaintiffs Julie Ann Clark and Robert Lee Clark filed a complaint against various people, agencies, and the State of Texas. Dkt. 1. Some of the defendants moved to dismiss the claims against them, Dkts. 12, 13, 14, 15, and some have not appeared. It is unclear whether all of the defendants have been served. *See* Dkt. 16.

In February 2026, the court ordered the Clarks to explain why it should not dismiss their claims against the unserved defendants. *Id.* In response, the Clarks filed a petition explaining why they believed service had not been effected and moved for additional time to serve the unserved defendants. *See* Dkt. 17. Less than two weeks later, the Clarks also moved for leave to amend their complaint and for a preservation order. Dkt. 18; *see* Dkt. 19 (proposed amended complaint). This order addresses all pending motions.

**DISCUSSION**

**I.  Motion to Extend Time for Service**

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Good cause may be established by a "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

The Clarks request additional time to serve the remaining defendants. Dkt. 17. They state that they "have complied with all requirements necessary to facilitate service, including submission of completed USM-285 forms and required service information." *Id.* at 1.

The motion demonstrates good cause. But the Clarks are reminded that it is their responsibility to ensure that all documents necessary for service of process on the named defendant or defendants in accordance with the Federal Rules of Civil Procedure and the local rules of this court are provided to the clerk of court. *See* Dkt. 4 at 2. The Clarks must, within 14 days of the docketing of this order, provide the clerk of court any additional information needed to effect service. If they fail to do so, the court will recommend that the claims against the unserved defendants be dismissed for failure to prosecute.

## II. Motion for Leave to Amend

Rule 15 requires the court to "freely give leave [to amend] when justice so requires." The court may deny leave to amend when any of five factors is present: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

The Clarks filed a motion for leave to amend their complaint, Dkt. 18, alongside a proposed amended complaint, Dkt. 19. The proposed amended complaint would remove the following defendants: James Connor Elmore, City Attorney Andrew Messer, City Attorney Julie Fort, the Denison Police Department, the Grayson County Sheriff's Office, the Grayson County District Attorney's Office, and the State of Texas. *See* Dkt. 19. It would add the City of Denison, Texas, and ten unnamed people as defendants. *Id.* Because the amended complaint would cure deficiencies noted in the pending motions to dismiss, the motion will be granted to the extent it requests leave to amend the complaint. That will moot the pending motions to dismiss. *See US Trinity Def., LLC v. DTV Arms, LLC*, No. 4:22-cv-314-JDK, 2023 WL 3681689, at *2 (E.D. Tex. Feb. 27, 2023).

2

### III. Motion for a Preservation Order

"A motion to preserve evidence has been recognized as the procedural vehicle by which to obtain an order to preserve data that would otherwise vanish." *Deggs v. Fives Bronx, Inc.*, No. 19-406-BAJ-EWD, 2020 WL 3100023, at *2 (M.D. La. June 11, 2020) (quotation marks omitted). When considering such a motion, courts within the Fifth Circuit have looked to the findings necessary to secure a preliminary injunction, *Doe No. 1 v. Tex. Christian Univ.*, No. 3:20-cv-0106-M, 2020 WL 14004171, at *3 (N.D. Tex. Oct. 2, 2020), the three-factor test established in *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004), or both, *see Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-CV-097, 2010 WL 11531146, at *1–3 (E.D. Tex. Aug. 25, 2010), *report and recommendation adopted,* 2010 WL 11531233 (E.D. Tex. Sept. 21, 2010); *see also Alvin Hills v. PAC Hous. Grp.*, No. 23-5740, 2025 WL 4094633, at *2 (E.D. La. Aug. 20, 2025) (applying both tests); *Matthews v. Exec. Off. for U.S. Att'ys*, No. 1:20-CV-370-RP-SH, 2020 WL 10354076, at *2 (W.D. Tex. Oct. 6, 2020) (same); *Tellis v. LeBlanc*, No. 18-cv-0541, 2018 WL 6722273, at *4 (W.D. La. Aug. 23, 2018) (noting that "motions for preservation of documents and similar discovery orders have become widely used in the place of injunctions").

The two standards have different sets of requirements. The Clarks failed to satisfy either set, so they are not entitled to a preservation order.

#### A. Preliminary-injunction standard

The standard for obtaining a preliminary injunction is the same as that for obtaining a temporary restraining order ("TRO"). *See Bowling v. Dahlheimer*, No. 4:18-CV-00610, 2018 WL 6582826, at *1 (E.D. Tex. Oct. 3, 2018). Indeed, a TRO is just "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, No. 3:12-CV-4834, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (quotation marks omitted).

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). To justify that extraordinary remedy, a movant must establish the following: (1) a substantial likelihood of success on the merits of its claims, (2) a substantial threat that the movant will suffer irreparable harm if the injunction is not granted,

3

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). Although a plaintiff "is not required to prove his case in full," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), he must "clearly carr[y] the burden of persuasion on all four requirements," *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (quotation marks and citation omitted). The first element—the likelihood of success on the merits—is the most important. *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024).

### B. *Capricorn* factors

The three *Capricorn* factors are:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Deggs*, 2020 WL 3100023, at *2 (citing *Capricorn Power Co.*, 220 F.R.D. at 433).

### C. The failure of the Clarks' argument under either standard

The Clarks assert that a preservation order is necessary to prevent loss of potentially discoverable information. Dkt. 18 at 2. They consider the following "critical evidence" related to their complaint: body-cam and dash-cam footage, dispatch logs and radio communications, incident reports and narratives, internal communications, jail records and intake documentation, and "any digital storage systems." *Id.* But the relief they seek is not warranted under either the preliminary-injunction standard or the *Capricorn* test.

As noted, the first preliminary-injunction element—likelihood of success on the merits—is paramount. *Abbott*, 110 F.4th at 706. The Clarks, however, have not even attempted to establish

that element. They just argue that "[p]reservation of this evidence is essential to ensure a fair adjudication of [their] claims." Dkt. 18 at 2. That is insufficient.

Nor do the Clarks succeed under *Capricorn*. As to the first *Capricorn* factor, the court recognizes the Clarks' stated "concern . . . for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence," 220 F.R.D. at 433. They claim to "have reason to believe that certain evidence has been restricted, altered, or is at risk of being lost, deleted, or overwritten." Dkt. 18 at 2. But they provide no support for that assertion. They have not demonstrated why the court should be concerned by the parties' current preservation efforts or how any irreparable harm is likely to result if the court does not issue a preservation order.

Federal Rule of Civil Procedure 26 makes the parties responsible for preserving all information relevant to this lawsuit. An order directing the parties to comply with that rule would be superfluous, and Rule 37(e) imposes consequences when a party fails to preserve electronically stored evidence.

## CONCLUSION

It is **ORDERED** that:

1) the Clarks' motion to extend their time to serve defendants, Dkt. 17, is **GRANTED** and, within 14 days of the docketing of this order, the Clarks must provide the clerk of court any additional information necessary to effect service;

2) the Clarks' motion for leave to amend and for a preservation order, Dkt. 18, is **GRANTED** to the extent it requests leave to amend and **DENIED** to the extent it requests a preservation order;

3) the proposed amended complaint, Dkt. 19, is the operative complaint; and

4) the motions to dismiss, Dkt. 12, 13, 14, 15, are **DISMISSED** as moot. The clerk will terminate James Connor Elmore, City Attorney Andrew Messer, City Attorney Julie

Fort, the Denison Police Department, the Grayson County Sheriff's Office, the Grayson County District Attorney's Office, and the State of Texas as parties.

So **ORDERED** and **SIGNED** this 22nd day of April, 2026.

_____
Bill Davis
United States Magistrate Judge

6